**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| GURDEEP SINGH, | No.   20-73418 |
| Petitioner, | Agency No. A205-243-731 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 27, 2023[**]
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Gurdeep Singh (Singh), a native and citizen of India, petitions for review of

a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

denial by an Immigration Judge (IJ) of asylum, withholding of removal, and relief

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). Singh contends that substantial evidence does not support the agency's denial of asylum and withholding of removal based on its adverse credibility determination and its denial of CAT relief.[1]

"Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence. . . ." *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (citations omitted). "We also review the denial of CAT relief for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted) (emphasis in the original).

Substantial evidence supports the agency's adverse credibility determination. Contrary to Singh's assertions, the BIA fully reviewed the record, applied the correct standard under the REAL ID Act, and pointed to significant inconsistencies between Singh's testimony and his prior statements concerning an

---

[1] Although Singh contends that he demonstrated past persecution and a well-founded fear of future persecution in support of his asylum and withholding of removal claims, the BIA relied exclusively on the adverse credibility determination and did not otherwise address the merits of Singh's claims.

assault committed by his former girlfriend's family at a hotel.

In his initial statement, Singh explained that, after escaping the hotel, he "did not stop and never looked back." However, Singh submitted a corrected statement that he "went to the police station and told them what had happened to him." Additionally, Singh's testimony that he called his father after fleeing to Delhi was inconsistent with his statement that he "lived in hiding in Delhi for some time after this incident," and "[t]hen . . . called [his] parents and told them what happened to [him]." Finally, the BIA properly concluded that Singh "was evasive when questioned regarding his prior dishonesty to a consular official."[2] Under the totality of circumstances, Singh's inconsistent statements and evasiveness support the BIA's determination that he was not credible. *See Barseghyan*, 39 F.4th at 1142-43 ("The REAL ID Act permits [the agency] to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination. . . .") (citation omitted).[3]

---

[2] Singh asserts that the BIA erred in concluding that he was not credible based on false statements to a consular officer made in an effort to escape his persecutors in India. However, the BIA explained that the IJ "did not find that [Singh's] admittedly dishonest statements to the consular officer weighed against his credibility," and the BIA "did not reach the issue."

[3] Although Singh was afforded opportunities to explain the inconsistencies,

(continued...)

Substantial evidence also supports the BIA's denial of CAT relief because "the combination of [Singh's] testimony and the non-testimonial evidence still [fell] short of demonstrating the particularized and more likely-than-not threat of future torture needed to obtain CAT relief." *Ruiz-Colmenares*, 25 F.4th at 751.

**PETITION DENIED.**

---

[3](...continued)
"the IJ and [BIA] were not compelled to accept [his] explanation[s]." *Hong Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (citation omitted).

Singh also maintains that the BIA engaged in improper speculation in support of its adverse credibility determination. However, Singh does not persuasively explain how any aspect of the BIA's decision was speculative.